UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

SANDRA RIVERS

versus                                CIVIL ACTION NO. 10-0578
                                           JUDGE TOM STAGG

TOWN OF ZWOLLE

## MEMORANDUM RULING

Before the court is an unopposed motion for summary judgment filed by the defendant, the Town of Zwolle ("the Town"), pursuant to Federal Rule of Civil Procedure 56. See Record Document 18. Based on the following, the defendant's motion for summary judgment is **GRANTED**.

## I. BACKGROUND

The plaintiff, Sandra Rivers ("Rivers"), filed suit against the Town, asserting causes of action pursuant to 42 U.S.C. § 1983, alleging constitutional violations including unlawful arrest, use of excessive force and failure to train or supervise. See Record Document 1. The Town filed the instant motion for summary judgment, contending that any claims against it have prescribed.

## II. LAW AND ANALYSIS

A.   **Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005).

---

[1] The court notes that the newly amended Rule 56 requires that there be "no genuine **dispute** as to any material fact," but this change does not alter the court's analysis. Fed. R. Civ. P. 56(a) and advisory committee's note (emphasis added).

**B.  Rivers's Failure To Respond To The Town's Motion.**

Rivers was served a copy of the motion for summary judgment by the Town on February 9, 2011. See Record Document 18. To date, Rivers has not responded. Local Rule 7.5W requires a respondent opposing a motion to "file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 21 days after service of the motion." Rivers failed to oppose the motion for summary judgment within the required twenty-one day period. Federal Rule of Civil Procedure 56 states the following:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2).

Rivers's failure to oppose the Town's motion for summary judgment is, standing alone, an insufficient basis for a grant of summary judgment, as the Town still must establish the absence of a genuine dispute as to a material fact to prevail on its motion. See Hibernia Nat'l Bank v. Administracion Cent. Sociedad

Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985). However, as discussed below, the court finds it appropriate to enter summary judgment against Rivers.

C.  **Prescription.**

Rivers filed suit in state court on March 2, 2010, asserting causes of action pursuant to 42 U.S.C. § 1983 and intentional infliction of emotional distress. See Record Document 1. The Town timely removed the case to this court on the basis of federal question jurisdiction. Rivers alleges in her complaint that on or about March 9, 2009, she was operating her vehicle in the Town of Zwolle when she was stopped for traffic citations by Officer R.A. Managan of the Zwolle Police Department. See Record Document 1. She asserts that "without any cause of [sic] provocation this police officer made the plaintiff get out of the car, handcuffed her and left her three grandchildren unattended and screaming and crying in the vehicle." Id. She further asserts that these actions "constituted an intentional infliction of severe and emotional distress." Id.

Because there is no federal statute of limitations for section 1983 claims, federal courts apply the general personal injury limitations period and tolling provisions of the forum state. See Brown v. Nationsbank Corp., 188 F.3d 579, 590 (5th Cir. 1999). In Louisiana, the applicable limitations period is one year. See Johnson v. Crown Enters., Inc., 398 F.3d 339, 341 (5th Cir. 2005); La. Civ. Code art.

3492. Federal law determines the time at which the cause of action accrues, and dictates that the statute of limitations begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001) (quotation and citation omitted). Claims for intentional infliction of emotional distress are also subject to a one-year prescriptive period. See King v. Phelps Dunbar, L.L.P., 743 So.2d 181, 187 (La. 1999) (citing Louisiana Civil Code article 3492).

Drawing all inferences in favor of Rivers, it is clear that any claim against the Town has prescribed. The Town has provided the affidavit of Becky Robison, who stated that she attached true and correct copies of records of the Zwolle Police Department, including the initial report/complaint affidavit, the Miranda Rights Form, and the Zwolle Police Department Report of Arrest. See Record Document 18, Ex. 1. Each of these documents lists the date of the incident involving Rivers as March 1, 2009. See id., Exs. A, B and C. Rivers was aware that she had suffered an injury sufficient to put her on notice to file suit on that date. She did not file suit until March 2, one year and one day later.

The Town has met its burden of showing that there is no genuine issue as to any material fact. It has produced copies of the documents accompanying the arrest

that show that the date of the arrest was March 1, 2009. See Record Document 18, Exs. 1, A, B and C. Rivers has failed to rebut any of the evidence presented. See Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004) ("[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial."). Under federal law regarding the accrual of a claim and Louisiana's statute of limitations, any claims by Rivers against the Town are untimely. Accordingly, the Town's motion for summary judgment (Record Document 18) is **GRANTED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 22nd day of March, 2011.

_____
JUDGE TOM STAGG